SEALED



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2017 SEP 29  P 12: 48

WILLIAM W. BLEVINS
CLERK

# FELONY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**INDICTMENT FOR FALSIFICATION OF GOVERNMENT RECORDS,**
**OBSTRUCTION OF JUSTICE, PERJURY, CONSPIRACY, CONVERSION OF**
**PROPERTY OF ANOTHER BY AN OFFICER OR EMPLOYEE OF THE UNITED**
**STATES, AND REMOVAL OF PROPERTY TO PREVENT SEIZURE**

**17-181**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION NO.** |
| **VERSUS** | * | **SECTION:**  SECT. H  MAG. 3 |
| **CHAD ALLEN SCOTT** | * | **VIOLATIONS:**  18 U.S.C. § 1519 |
| **RODNEY P. GEMAR** | | 18 U.S.C. § 1512(c)(2) |
| | * | 18 U.S.C. § 1623 |
| | | 18 U.S.C. § 371 |
| | * | 18 U.S.C. § 654 |
| | | 18 U.S.C. § 2232 |
| | * | 18 U.S.C. § 201 |
| | | 18 U.S.C. § 2 |
| | * | |
| * | * | * |

The Grand Jury charges that:

## COUNT ONE
### Falsification of Government Records

### A.    AT ALL TIMES MATERIAL TO THIS INDICTMENT:

1.     The defendant, **CHAD ALLEN SCOTT**, was a Special Agent (SA) of the Drug

Enforcement Administration (DEA), having been sworn as a DEA SA on November 24, 1997.

____ Fee  USA
____ Process
__X_ Dktd
____ CtRmDep
____ Doc. No.

## B.     THE OFFENSE

2.     On or about July 28, 2014, in the Eastern District of Louisiana, defendant, **CHAD ALLEN SCOTT**, did aid, abet, counsel, command, induce and procure the commission of, and did knowingly alter, destroy, mutilate, conceal, cover up, falsify, and make a false entry in a record and document, that is, defendant **CHAD ALLEN SCOTT**, in a DEA Seizure/FIRE Form regarding a 2013 Ford F-150 (the Vehicle), did falsely enter and willfully cause to be entered in that DEA Seizure/FIRE Form that the Vehicle was seized in Metairie, Louisiana, when in fact Scott took possession of the Vehicle in Texas, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, that is, the United States Department of Justice and DEA.

In violation of Title 18, United States Code, Sections 1519 and 2.

### COUNT TWO
### Obstruction of Justice

## A.     AT ALL TIMES MATERIAL TO THIS INDICTMENT:

3.     Paragraph 1 of this Indictment is re-alleged and incorporated as though fully set forth herein.

## B.     THE OFFENSE

4.     In or around January 2016, in the Eastern District of Louisiana, defendant **CHAD ALLEN SCOTT**, did aid, abet, counsel, command, induce and procure the commission of, and corruptly obstructed, influenced, and impeded, and willfully caused to be obstructed, influenced and impeded, an official proceeding, that is, a federal criminal case pending before the United States District Court for the Eastern District of Louisiana entitled *United States v. Jorge Perralta*, *et al.*, Case No. 2:15-cr-68, and attempted to do so, by tampering with the testimony of Frederick

2

Brown by persuading and inducing, directly and indirectly, Frederick Brown to falsely testify that Jorge Perralta was present during drug transactions between Edwin Martinez and Frederick Brown, when in fact Frederick Brown had never seen Jorge Perralta during his drug transactions with Edwin Martinez.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

### COUNT THREE
#### Perjury

**A.**   **AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

5.   Paragraph 1 of this Indictment is re-alleged and incorporated as though fully set forth herein.

**B.**   **THE OFFENSE**

6.   On or about January 27, 2016, in the Eastern District of Louisiana, defendant, **CHAD ALLEN SCOTT**, having taken an oath to testify truthfully, and while under oath as a witness in a proceeding before a court of the United States, that is, a suppression hearing in a federal criminal case pending before the United States District Court for the Eastern District of Louisiana entitled *United States v. Jorge Perralta, et al.*, Case No. 2:15-cr-68, knowingly made a false material declaration.

7.   A major focus of the suppression hearing was the truthfulness and validity of Frederick Brown's identification of Jorge Perralta as an individual who was present during drug transactions between Frederick Brown and Edwin Martinez.

8.   It was material to the Court's determination of whether to admit or exclude the testimony of Frederick Brown whether **CHAD ALLEN SCOTT** truthfully communicated to the

Court statements and identifications made by Frederick Brown, to **CHAD ALLEN SCOTT**, relating to Jorge Perralta.

9.     During the suppression hearing, **CHAD ALLEN SCOTT**, while under oath as a witness, knowingly made the following false material declarations before the Court, and outside the presence of the Jury, which **CHAD ALLEN SCOTT** knew were false when made (underlined portions alleged as false):

          \*\*\*          \*\*\*          \*\*\*

| | |
|---|---|
| PROSECUTOR: | So how did Mr. Perralta come up in that context? |
| SCOTT: | Well, he [Brown] felt, for lack of a better term, felt neglected because I hadn't been to see him [Brown] and hadn't talked to him [Brown]. [Brown] [a]sked where I been because he knew that two of the guys from Atlanta had been arrested and we [Brown and **CHAD ALLEN SCOTT**] haven't spoken about it. <u>So I explained to him [Brown] I was getting ready for trial on [Martinez's] source of supply, and he [Brown] just kind of blurted out, he [Brown] said, "The little Mexican guy?" I said, "Yeah." I said, "Do you know him?" And he's [Brown's] like, "Well, I don't know him, I didn't deal with him, but he was there on both occasions." And he [Brown] described him [Perralta] as a short, heavyset Hispanic, younger Hispanic male. And while I was sitting there, he [Brown] is like you got a picture of him [Perralta]? And I thought I did.</u> |
| PROSECUTOR: | He [Brown] asked you? |
| SCOTT. | <u>Yeah.</u> And I thought I did and I didn't. So I actually contacted Andre Jones, I knew I had turned the pictures over to him [Jones]. And he [Jones] sent me the picture and I let Mr. Brown look at it. <u>And he [Brown] said, "Yeah, that's him [Perralta]." He [Brown] said, "But I didn't deal with him [Perralta]." But he [Brown] said, you know, he [Perralta] was there when my [Brown's] dealings were with Edwin.</u> |

          \*\*\*          \*\*\*          \*\*\*

4

10.     In truth and in fact, and as **CHAD ALLEN SCOTT** well knew when he gave this testimony, it was false in that Frederick Brown did not make the statements that **CHAD ALLEN SCOTT** represented Frederick Brown to have made regarding Jorge Perralta.

In violation of Title 18, United States Code, Section 1623.

### COUNT FOUR
### Obstruction of Justice

**A.     AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

11.     Paragraph 1 of this Indictment is re-alleged and incorporated as though fully set forth herein.

**B.     THE OFFENSE**

12.     Paragraphs 6 through 10 of this Indictment are re-alleged and incorporated as though fully set forth herein.

13.     On or about January 27, 2016, in the Eastern District of Louisiana, defendant **CHAD ALLEN SCOTT**, corruptly obstructed, influenced, and impeded an official proceeding, that is, a federal criminal case pending before the United States District Court for the Eastern District of Louisiana entitled *United States v. Jorge Perralta, et al.*, Case No. 2:15-cr-68, and attempted to do so, by providing materially false, fraudulent, and misleading testimony during a pre-trial suppression hearing, as set forth in paragraphs 9 through 10 of this Indictment.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT FIVE
### Perjury

**A.**    **AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

14.    Paragraph 1 of this Indictment is re-alleged and incorporated as though fully set forth herein.

**B.**    **THE OFFENSE**

15.    On or about January 27, 2016, in the Eastern District of Louisiana, defendant, **CHAD ALLEN SCOTT**, having taken an oath to testify truthfully, and while under oath as a witness in a proceeding before a court of the United States, that is, the federal criminal trial of Jorge Perralta, a federal criminal case pending in the United States District Court for the Eastern District of Louisiana entitled *United States v. Jorge Perralta, et al.*, Case No. 2:15-cr-68, and when called as a trial witness in the government's case-in-chief, knowingly made a false material declaration.

16.    A major focus of the government's case in chief was whether Jorge Perralta engaged in drug transactions with Edwin Martinez.

17.    It was material to the jury's determination of Jorge Perralta's guilt whether Jorge Perralta engaged in drug transactions with Edwin Martinez.

18.    During the trial, **CHAD ALLEN SCOTT**, while under oath as a witness, knowingly made the following false material declarations before the Court and Jury, which **CHAD ALLEN SCOTT** knew were false when made (underlined portions alleged as false):

        \*\*\*               \*\*\*               \*\*\*

PROSECUTOR:    And during that conversation did it somehow come up that you were preparing for this trial?

| | |
|---|---|
| SCOTT: | Yes. His [Brown's] feelings were hurt because I hadn't talked to him in about three or four weeks and hadn't been out to interview him [Brown] or -- so I told him [Brown] I was tied up, I had a bunch of different cases going on and one of them was preparing for this trial. |
| PROSECUTOR: | And what type of information did you give Mr. Brown about this trial? |
| SCOTT: | I said, "I'm going to trial on Edwin Martinez's source of supply." And he immediately . . . |

*Quotation of Proceedings Involving Evidentiary Objections Omitted*

| | |
|---|---|
| PROSECUTOR: | So, and then what was [Brown's] response to you about you saying his [Martinez's] source -- going to trial against -- |
| SCOTT | He [Brown] immediately said the little heavyset Hispanic Mexican guy. And I said yes. I said, "You saw him [Perralta]?" He's like, "Yeah." He [Brown] said he [Perralta] was there when we were counting the money, and he [Brown] told me he [Perralta] was the reason I couldn't get it fronted, that I had to pay Edwin for the drugs. |
| PROSECUTOR: | Was that the first time that Mr. Brown had shared with you anything about Mr. Perralta? |
| SCOTT: | Yes, it was… |
| PROSECUTOR: | Did you at some point in that interview with Mr. Brown show him [Brown] any pictures of Mr. Perralta? |
| SCOTT: | I did. |
| PROSECUTOR: | And how did that -- how did you do that? |
| SCOTT: | I actually had to have them sent to my telephone; then once I got them on my phone, I showed it to Mr. Brown. |
| PROSECUTOR: | And why did you show him [Brown] some photographs? |
| SCOTT: | Because he [Brown] said he [Brown] knew who the source was, he [Brown] had described him [Perralta], and had gone into the circumstances surrounding how he [Brown] knew him [Perralta] and his [Perralta's] involvement with him [Perralta] regarding two different transactions. |

7

PROSECUTOR:     And I am going to show you Government Exhibits 11 and 43, which
                are already introduced. Are those the photographs that you showed
                Mr. Brown in your phone?

SCOTT:          Yes, they are.

PROSECUTOR:     And did he [Brown] confirm with you that that's who he [Brown]
                was talking about?

SCOTT:          He did.

          ***        ***        ***

19.     In truth and in fact, and as **CHAD ALLEN SCOTT** well knew when he gave this testimony, it was false in that:

    a.     Frederick Brown did not make the statements that **CHAD ALLEN SCOTT** represented Frederick Brown to have made regarding Jorge Perralta; and

    b.     Frederick Brown had previously informed **CHAD ALLEN SCOTT** that he did not recognize Jorge Perralta.

In violation of Title 18, United States Code, Section 1623.

### COUNT SIX
### Obstruction of Justice

**A.**     **AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

20.     Paragraph 1 of this Indictment is re-alleged and incorporated as though fully set forth herein.

**B.**     **THE OFFENSE**

21.     Paragraphs 15 through 19 of this Indictment are re-alleged and incorporated as though fully set forth herein.

22.     On or about January 27, 2016, in the Eastern District of Louisiana, defendant

**CHAD ALLEN SCOTT**, corruptly obstructed, influenced, and impeded an official proceeding,

that is, the federal criminal trial of Jorge Peralta, a federal criminal case pending in the United

States District Court for the Eastern District of Louisiana entitled *United States v. Jorge Peralta*,

*et al.*, Case No. 2:15-cr-68, and attempted to do so, by providing materially false, fraudulent, and

misleading testimony when called as a trial witness in the government's case-in-chief by testifying

as set forth in paragraphs 18 through 19 of this Indictment.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

**COUNT SEVEN**
**Conspiracy to Convert Property of Another by an**
**Officer or Employee of the United States and**
**Remove Property to Prevent Seizure**

**A.      AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

23.     Paragraph 1 of this Indictment is re-alleged and incorporated as though fully set

forth herein.

24.     The defendant, **RODNEY GEMAR**, was a DEA Task Force Officer (TFO), having

been deputized as a DEA TFO in February 2009, and was also a member of the Hammond,

Louisiana, Police Department (HPD), having joined the HPD in or about June 2004.

25.     Karl Emmett Newman was a DEA TFO, and was also a Tangipahoa Parish Sheriff's

Office (TPSO) Deputy.

**B.      THE CONSPIRACY AND ITS OBJECT**

26.     From at least in or around February 2009, and continuing through at least in or

around January 2016, in the Eastern District of Louisiana and elsewhere, defendants, **CHAD**

**ALLEN SCOTT** and **RODNEY GEMAR**, knowingly and intentionally combined, conspired,

confederated, and agreed with each other and other persons known and unknown to the Grand

Jury, including Karl Emmett Newman, knowing the unlawful purpose of the agreement and joining

in it willfully, to:

> (a)     Being officers and employees of the United States and any department and

agency thereof, that is, the U.S. Department of Justice and the DEA, embezzle and wrongfully

convert to their own use the money and property of another that was over $1,000, which came into

their possession and under their control in the execution of their office and employment, and under

color and claim of authority as an officer and employee of the United States and any department

and agency thereof, in violation of Title 18, United States Code, Section 654; and

> (b)     After a search for and seizure of property by a person authorized to make

such search and seizure, knowingly waste, dispose of, transfer, and otherwise take any action, for

the purpose of preventing and impairing the Government's lawful authority to take such property

into its custody and control and to continue holding such property under its lawful custody and

control, in violation of Title 18, United States Code, Section 2232(a).

## C.     PURPOSE OF THE CONSPIRACY

27.     It was the purpose of the conspiracy for **CHAD ALLEN SCOTT, RODNEY**

**GEMAR**, Karl Emmett Newman, and others known and unknown to the Grand Jury, to unlawfully

enrich themselves by, among other things, embezzling and wrongfully converting money and

property, namely United States currency, from items seized by the DEA from individuals detained

by the DEA.

**D.**     **MANNER AND MEANS OF THE CONSPIRACY**

28.     The manner and means by which **CHAD ALLEN SCOTT**, **RODNEY GEMAR,**

and their co-conspirators sought to accomplish the object and purpose of the conspiracy included,

among other things, the following:

29.     From at least in or around February 2009, and continuing through at least in or

around January 2016, **CHAD ALLEN SCOTT**, **RODNEY GEMAR**, Karl Emmett Newman, and

others known and unknown to the Grand Jury, agreed to and did take money and personal property

belonging to individuals who were arrested by members of DEA New Orleans Enforcement Group

10 (Group 10).

30.     Specifically, during the arrests of individuals detained by members of Group 10,

**CHAD ALLEN SCOTT**, **RODNEY GEMAR**, Karl Emmett Newman, and their co-conspirators

came into possession of personal property of the detained individuals, including United States

currency and other items of value (collectively, the "Seized Property").

31.     However, rather than formally logging the Seized Property into appropriate DEA

records reflecting the seizures and storing the Seized Property in an appropriate repository, **CHAD**

**ALLEN SCOTT**, **RODNEY GEMAR**, Karl Emmett Newman, and their co-conspirators instead:

(a) purposely failed to create records documenting the seizure of the Seized Property; and (b)

stored the Seized Property in unsanctioned locations, such as file cabinets within a squad bay

occupied by Group 10 at the offices of the DEA in Metairie, Louisiana.

32.     **CHAD ALLEN SCOTT**, **RODNEY GEMAR**, Karl Emmett Newman, and their

co-conspirators would then keep the Seized Property until the arrestees to whom the Seized

Property belonged either pleaded guilty or were convicted at trial.  In the event an arrestee pleaded

11

guilty or was convicted at trial, **CHAD ALLEN SCOTT**, **RODNEY GEMAR**, Karl Emmett Newman, and their co-conspirators would keep the Seized Property for approximately one year or more after the termination of the arrestees' cases. If the arrestee to whom Seized Property belonged did not seek the return of their property within approximately one year, or were unlikely to do so, **CHAD ALLEN SCOTT**, **RODNEY GEMAR**, Karl Emmett Newman, and their co-conspirators would unlawfully convert the property, including United States currency, for their own unlawful use and enrichment.

### E.    OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

33.    In furtherance of the conspiracy, and in order to accomplish the object and purpose of the conspiracy, the co-conspirators committed and caused to be committed, in the Eastern District of Louisiana, the following overt acts:

34.    In or around July 2009, **CHAD ALLEN SCOTT** obtained United States currency and other personal property from K.W.

35.    In or around July 2015, Karl Emmett Newman physically took United States currency from the Seized Property.

36.    On or about January 26, 2016, **RODNEY GEMAR** and Karl Emmett Newman physically took approximately $4,800 from the Seized Property.

In violation of Title 18, United States Code, Section 371.

## COUNT EIGHT
### Conversion of Property of Another by an Officer or Employee of the United States

#### A.    AT ALL TIMES MATERIAL TO THIS INDICTMENT:

37.    Paragraphs 1 and 24 of this Indictment are re-alleged and incorporated as though fully set forth herein.

#### B.    THE OFFENSE

38.    On or about January 26, 2016, in the Eastern District of Louisiana, defendants **CHAD ALLEN SCOTT** and **RODNEY GEMAR,** being officers and employees of the United States and any department and agency thereof, that is, the U.S. Department of Justice and the DEA, did aid, abet, counsel, command, induce and procure the commission of, and embezzled and wrongfully converted to their own use the money and property of another, that is, **CHAD ALLEN SCOTT** and **RODNEY GEMAR** embezzled and wrongfully converted, and willfully caused to be embezzled and converted, over $1,000 in U.S. Currency from the Seized Property, which came into their possession and under their control in the execution of their office and employment, and under color and claim of authority as an officer and employee of the United States and any department and agency thereof.

In violation of Title 18, United States Code, Sections 654 and 2.

## COUNT NINE
### Removal of Property to Prevent Seizure

#### A.    AT ALL TIMES MATERIAL TO THIS INDICTMENT:

39.    Paragraphs 1 and 24 of this Indictment are re-alleged and incorporated as though fully set forth herein.

13

**B.**     **THE OFFENSE**

40.     On or about January 26, 2016, in the Eastern District of Louisiana, defendants

**CHAD ALLEN SCOTT** and **RODNEY GEMAR,** after a search for and seizure of property by a

person authorized to make such search and seizure, knowingly wasted, disposed of, transferred,

and otherwise took action, and attempted to do so, and did aid, abet, counsel, command, induce

and procure the commission of the charged offense, that is, defendants **CHAD ALLEN SCOTT**

and **RODNEY GEMAR** took, and willfully caused to be taken, money and property from the

Seized Property, including U.S. currency which **CHAD ALLEN SCOTT** and **RODNEY**

**GEMAR** embezzled and wrongfully converted, for the purpose of preventing or impairing the

government's lawful authority to take such property into its custody and control and to continue

holding such property under its lawful custody and control.

In violation of Title 18, United States Code, Sections 2232(a) and 2.

### COUNT TEN
### Seeking and Receiving an Illegal Gratuity

**A.**     **AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

41.     Paragraph 1 of this Indictment is re-alleged and incorporated as though fully set

forth herein.

**B.**     **THE OFFENSE**

42.     On or about a date between in or around late 2012 and early 2013, in the Eastern

District of Louisiana and elsewhere, defendant **CHAD ALLEN SCOTT**, being a public official,

that is a DEA agent, and otherwise than as provided by law for the proper discharge of his official

duty, did aid, abet, counsel, command, induce and procure the commission of, and directly and

indirectly demanded, sought, received, accepted, and agreed to receive and accept anything of

14

value personally, that is **CHAD ALLEN SCOTT** demanded, sought, received, accepted, and agreed to accept, and willfully caused to be demanded, sought, received, accepted, and agreed to accept, at least $10,000 personally, for and because of any official act performed and to be performed by such official, that is, **CHAD ALLEN SCOTT** recommended to federal prosecutors that the government seek to reduce the federal criminal sentence of J.W. in Criminal Case No. 2000-cr-52 then pending in United States District Court for the Middle District Louisiana, which resulted in the filing of papers in federal court and the ultimate release of criminal defendant J.W. from incarceration before he otherwise would have been released.

In violation of Title 18, United States Code, Sections 201(c)(1)(B) and 2.

**COUNT ELEVEN**
**Conspiracy to Convert Property of Another by an**
**Officer or Employee of the United States and**
**Remove Property to Prevent Seizure**

**A.      AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

43.      Paragraphs 24 and 25 of this Indictment are re-alleged and incorporated as though fully set forth herein.

**B.      THE CONSPIRACY AND ITS OBJECT**

44.      From on or about June 6, 2014 through at least June 19, 2014, in the Eastern District of Louisiana, defendant, **RODNEY GEMAR**, knowingly and intentionally combined, conspired, confederated, and agreed with persons known and unknown to the Grand Jury, including Karl Emmett Newman, knowing the unlawful purpose of the agreement and joining in it willfully, to:

(a)      Being officers and employees of the United States and any department and agency thereof, that is, the U.S. Department of Justice and the DEA, embezzle and wrongfully convert to their own use the money and property of another that was over $1,000, which came into

their possession and under their control in the execution of their office and employment, and under color and claim of authority as an officer and employee of the United States and any department and agency thereof, in violation of Title 18, United States Code, Section 654; and

(b)     After a search for and seizure of property by a person authorized to make such search and seizure, knowingly waste, dispose of, transfer, and otherwise take any action, for the purpose of preventing and impairing the Government's lawful authority to take such property into its custody and control and to continue holding such property under its lawful custody and control, in violation of Title 18, United States Code, Section 2232(a).

### C.     PURPOSE OF THE CONSPIRACY

45.     It was the purpose of the conspiracy for **RODNEY GEMAR** and Karl Emmett Newman to unlawfully enrich themselves by, among other things, embezzling and wrongfully converting property, namely United States currency, from property seized by the DEA from an individual, J.G., who had been detained by the TPSO.

### D.     MANNER AND MEANS OF THE CONSPIRACY

46.     The manner and means by which **RODNEY GEMAR** and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

47.     From on or about June 6, 2014, and continuing through at least June 19, 2014, **RODNEY GEMAR**, Karl Emmett Newman, and others known and unknown to the Grand Jury, took money and property – i.e., over $1,000 in U.S. Currency – from J.G.

48.     Specifically, on or about June 6, 2014, J.G. was arrested by the TPSO, who found J.G. in the possession of a large amount of United States currency (the "Seized Currency").  Upon

discovery of the Seized Currency, TPSO contacted Karl Emmett Newman to collect the Seized Currency.  **RODNEY GEMAR** and Karl Emmett Newman subsequently took possession of the Seized Currency.  Rather than placing the Seized Currency to an appropriate repository, however, **RODNEY GEMAR** and Karl Emmett Newman agreed to, and did, take for their own personal use and enrichment over $1,000 from the Seized Currency.

49.     The remainder of the Seized Currency was transported to the New Orleans Division of the DEA, in Metairie, Louisiana, and placed in an appropriately secured safe containing high value money and property.

50.     **RODNEY GEMAR** subsequently authored a DEA Form-6 Report of Investigation, in which he reported that **RODNEY GEMAR** and Karl Emmett Newman secured the Seized Currency in the DEA high-value safe. The information contained in the DEA Form-6 Report of Investigation was materially false and misleading because the DEA Form-6 Report of Investigation did not reflect the fact that **RODNEY GEMAR** and Karl Emmett Newman had wrongfully misappropriated a sum of United States currency in an amount greater than $1,000 from the Seized Currency before placing the Seized Currency in the high value safe.

51.     Karl Emmet Newman subsequently authored a DEA Seizure/FIRE Form in which he falsely stated that **RODNEY GEMAR** and Karl Emmet Newman received $39,827 from the TPSO.  The information contained in the DEA Seizure/FIRE Form was materially false and misleading because the DEA Seizure/FIRE Form did not reflect the fact that **RODNEY GEMAR** and Karl Emmett Newman had initially received more than $39,827 from J.G. and that **RODNEY GEMAR** and Karl Emmett Newman subsequently took, for themselves, over $1,000 from the Seized Currency.

17

**E.**     **OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY**

52.     In furtherance of the conspiracy, and in order to accomplish the object and purpose of the conspiracy, the conspirators committed and caused to be committed, in the Eastern District of Louisiana, the following overt acts:

53.     On or about June 6, 2014, **RODNEY GEMAR** and Karl Emmett Newman physically took a sum of United States currency in an amount greater than $1,000 from the Seized Currency.

54.     On or about June 6, 2014, **RODNEY GEMAR** and Karl Emmett Newman transported the remainder of the Seized Currency from the TPSO to the New Orleans Division of the DEA in Metairie, Louisiana.

55.     On or about June 14, 2014, **RODNEY GEMAR** authored a DEA Form-6 Report of Investigation, in which he reported that **RODNEY GEMAR** and Karl Emmett Newman secured the Seized Currency in a DEA high-value safe.

56.     On or about June 19, 2014, Karl Emmet Newman authored a DEA Seizure/FIRE Form, in which he reported that **RODNEY GEMAR** and Karl Emmet Newman received $39,827.00 from the TPSO.

In violation of Title 18, United States Code, Section 371.

**COUNT TWELVE**
**Conversion of Property of Another by an Officer or Employee of the United States**

**A.**     **AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

57.     Paragraph 24 of this Indictment is re-alleged and incorporated as though fully set forth herein.

18

**B.**     **THE OFFENSE**

58.     On or about June 6, 2014, in the Eastern District of Louisiana, defendant **RODNEY GEMAR,** being an officer and employee of the United States and any department and agency thereof, that is, the U.S. Department of Justice and the DEA, did aid, abet, counsel, command, induce and procure the commission of, and embezzled and wrongfully converted to his own use the money and property of another, that is, **RODNEY GEMAR** embezzled and wrongfully converted, and willfully caused to be embezzled and converted, over $1,000 in U.S. Currency from J.G, which came into his possession and under his control in the execution of his office and employment, and under color and claim of authority as an officer and employee of the United States and any department and agency thereof.

All in violation of Title 18, United States Code, Sections 654 and 2.

### COUNT THIRTEEN
### Removal of Property to Prevent Seizure

**A.**     **AT ALL TIMES MATERIAL TO THIS INDICTMENT:**

59.     Paragraph 24 of this Indictment is re-alleged and incorporated as though fully set forth herein.

**B.**     **THE OFFENSE**

60.     On or about June 6, 2014, in the Eastern District of Louisiana, defendant **RODNEY GEMAR,** after a search for and seizure of property by a person authorized to make such search and seizure, knowingly wasted, disposed of, transferred, and otherwise took action, and attempted to so, and did aid, abet, counsel, command, induce and procure the commission of the charged offense, that is, defendant **RODNEY GEMAR** embezzled and wrongfully converted, and willfully caused to be embezzled and wrongfully converted, U.S. currency that had been seized from J.G.,

for the purpose of preventing and impairing the Government's lawful authority to take such property into its custody and control and to continue holding such property under its lawful custody and control.

In violation of Title 18, United States Code, Sections 2232(a) and 2.



KENNETH A. BLANCO
ACTING ASSISTANT ATTORNEY GENERAL OF THE CRIMINAL DIVISION
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY CONFERRED BY 28 U.S.C. § 515

JOSEPH BEEMSTERBOER
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
UNITED STATES DEPARTMENT OF JUSTICE

DIIDRI W. ROBINSON
ASSISTANT DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
UNITED STATES DEPARTMENT OF JUSTICE
Florida Bar No. 788481

ANTONIO M. POZOS
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
UNITED STATES DEPARTMENT OF JUSTICE
California Bar No. 254609

New Orleans, Louisiana
September 29, 2017

*No.*

# UNITED STATES DISTRICT COURT

_____Eastern_____ *District of* _____Louisiana_____

_____Criminal_____ *Division*

## THE UNITED STATES OF AMERICA

vs.

**CHAD ALLEN SCOTT**
**RODNEY P. GEMAR**

# INDICTMENT

**INDICTMENT FOR FALSIFICATION OF GOVERNMENT RECORDS, OBSTRUCTION OF JUSTICE, PERJURY, CONSPIRACY, CONVERSION OF PROPERTY OF ANOTHER BY AN OFFICER OR EMPLOYEE OF THE UNITED STATES, AND REMOVAL OF PROPERTY TO PREVENT SEIZURE**

**VIOLATIONS: 18 U.S.C. § 1519, 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 1623, 18 U.S.C. § 371, 18 U.S.C. § 654 18 U.S.C. § 2232, 18 U.S.C. § 201, 18 U.S.C. § 2**

*A true bi*

*Foreperson*

*Filed in open court this* _____ *day of* _____
_____ *A.D. 2017.*
_____
*Clerk*

*Bail, $* _____
_____

**DIIDRI W. ROBINSON, Assistant Chief**

**ANTONIO M. POZOS, Trial Attorney**