# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-181** |
| **RODNEY GEMAR** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Rodney Gemar's Motion for Severance (Doc. 376). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendants Chad Scott, a former DEA special agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police Department, were charged by Superseding Indictment in May 2018 with multiple counts. This Court severed the trial of Counts 1 through 7 against Scott from Counts 8 through 14 against Scott and Gemar. On August 27, 2019, a jury found Scott guilty of Counts 1 through 7. A trial on Counts 8 through 14 is set to begin on November 18, 2019.

1

Counts 8 through 14 against Scott and Gemar allege the following. Count 8 charges Scott and Gemar with a conspiracy spanning from February 2009 to January 2016 to convert property of another and remove property to prevent seizure. It alleges that Defendants conspired to enrich themselves by converting or disposing of money and property that came into their possession by virtue of their positions as DEA officers. Counts 9 and 10 charge Scott and Gemar with substantive counts of conversion and removal of property occurring on January 26, 2016. In Count 11, Scott is charged with seeking and receiving an illegal gratuity in exchange for recommending to federal prosecutors that the government seek to reduce the sentence of a defendant, J.W. In Count 12, Gemar is charged with conspiracy to convert property of another and remove property to prevent seizure from June 6, 2014 to June 19, 2014, relating to the seizure of a large sum of money from J.G. In Counts 13 and 14, Gemar is charge with substantive counts of conversion and removal of property relating to the amount seized from J.G.

Gemar now moves for a severance of the trial of Counts 8 through 14 against him from the trial of those charges against Scott. The Government opposes.

## LAW AND ANALYSIS

Defendant seeks a severance pursuant to Federal Rule of Criminal Procedure 14. Rule 14 gives the district court discretion to grant a severance "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant or the government." Gemar argues that he will be prejudiced by a trial with Scott because Scott's prior convictions in Counts 1 through 7 will "deprive him

of his right to present a colorful, vibrant storyline in his defense."[1] Specifically, he argues that (1) he and Scott have mutually antagonistic defenses, and (2) the "spillover effect" of Scott's convictions are so prejudicial as to warrant severance.

### A. Mutually Antagonistic Defenses

Gemar first argues that he is entitled to a severance because his defense is in conflict with Scott's defense. A mutually antagonistic defense is found where defenses are "in conflict, such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other."[2] Severance is only warranted if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[3] "To compel severance the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive."[4]

Gemar argues that he will present a defense at trial based on Scott's criminal convictions. Specifically, he will seek to prove that he was only prosecuted by the Government to force his cooperation against Scott. He argues that Scott will seek to exclude evidence of his convictions on Counts 1 through 7 and that these conflicting goals prejudice his right to present a defense.

The Court first points out that it is unclear how Scott's prior convictions will be admissible at trial. Regardless, a disagreement between co-defendants regarding the introduction of a certain piece of evidence at trial does not

---

[1] Doc. 376-1
[2] United States v. Romanello, 726 F.2d 173, 177 (5th Cir. 1984).
[3] Zafiro v. United States, 506 U.S. 534, 539 (1993).
[4] *Romanello*, 726 F.2d at 177.

3

amount to a mutually antagonistic defense. Defenses reach a level of antagonism that compels severance "if the jury, in order to believe the core of testimony offered on behalf of that defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant."[5] These irreconcilable arguments are not merely "minor or peripheral matters," but rather, are core to the Defendants' defenses.[6] The introduction of Scott's prior convictions at trial is unquestionably a peripheral matter and does not prevent Gemar from presenting a defense. Indeed, Scott's prior convictions are not probative of Gemar's guilt or innocence. A severance is not warranted under this theory.

## B. Spillover Effect

Gemar next argues that a severance is warranted because evidence of Scott's convictions will have a "spillover effect" in a joint trial.[7] "[T]he mere presence of a spillover effect does not ordinarily warrant severance."[8] Defendants must show a "specific and compelling prejudice" against which this Court cannot afford protection.[9]

In support of his argument for a severance due to the spillover effect of Scott's convictions, Gemar argues that:

> In this case, the Government will likely attack Defendant Scott through evidence and testimony related to his prior convictions. Much of this testimony is irrelevant against Mr. Gemar. Some of this evidence may be highly inflammatory to a jury because it involves theft, corruption, and dishonestly [sic] by a law enforcement officer. The inflammatory nature of this testimony is

---

[5] United States v. Berkowitz, 662 F.2d 1127, 1134 (5th Cir. 1981).
[6] *See id.*
[7] The Court notes that this argument contradicts Gemar's prior argument in which he indicates he will seek to have Scott's convictions introduced at trial as critical to his defense.
[8] United States v. Pofahl, 990 F.2d 1456, 1483 (5th Cir. 1993).
[9] United States v. Harrelson, 754 F.2d 1153, 1177 (5th Cir. 1985).

likely to sour Mr. Gemar's character in the eyes of the jury because he is being presented as a close associate of Defendant Scott. Defendant Scott and Mr. Gemar's joint trial implicitly affirms this affiliation in the eyes of the jury. Dishonestly [sic], theft, and corruption by a law enforcement officer is likely to illicit highly emotional responses from a jury which cannot be remedied by jury instruction.

This argument is without merit. The charges against Defendants in Counts 8 through 14 relate to the conversion and removal of money and property that came into their possession by virtue of their positions as DEA officers. Therefore, evidence of "[d]ishonestly [sic], theft, and corruption" by law enforcement officers will be a central theme in the trial. No severance could avoid this. Gemar has not shown how additional evidence of law enforcement corruption involving Scott's prior convictions (to the extent such evidence would even be admissible) creates a compelling prejudice to warrant severance.

Accordingly, Gemar has failed to show that he is entitled to a trial separate from his co-defendant Scott. "It is well settled that defendants are not entitled to severance merely because they might have a better chance of acquittal in separate trials."[10] "There is a preference in the federal system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."[11] Gemar and Scott will be jointly tried.

---

[10] *Zafiro*, 506 U.S. at 540.
[11] *Id.* at 537.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is DENIED.

New Orleans, Louisiana this 7th day of October, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**